IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CURTIS SCOTT,

        Plaintiff,                    No. CIV S-05-1173 LKK DAD P

    vs.

ARNOLD SCHWARZENEGGER,
et al.,

        Defendants.           FINDINGS AND RECOMMENDATIONS

/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief under 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss claims that are legally frivolous or malicious, claims that fail to state a claim upon which relief may be granted, and claims that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). In addition, when a plaintiff seeks to proceed in forma pauperis, the court is required to dismiss the case if the court determines that the action is frivolous or malicious, fails to state a claim on which relief

1

may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A claim should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court accepts as true the allegations of the complaint. See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court also construes the pleading in the light most favorable to the plaintiff and resolves all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).

"A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In the present case, plaintiff is confined in a state prison in Sacramento County. He has sued the following defendants: Arnold Schwarzenegger, Governor; Bill Lockyer, Attorney General; Jane Woodford, Director of California Department of Corrections; Dean Flippo, District Attorney; C. Olivas, Deputy District Attorney; R.F. Moody, Monterey County Superior Court Judge; Jeremy Fogel, United States District Judge for the Northern District of California; R.F. Paez, United States Circuit Judge for the Ninth Circuit Court of Appeal; and Cathy Catterson, Clerk of the Court for the Ninth Circuit Court of Appeal.

Plaintiff alleges that he entered into a plea agreement in two consolidated cases in Arizona in 1986 in which it was stipulated that the allegations of prior convictions would be dismissed. Plaintiff contends that the plea agreement served to dismiss the prior convictions, so that those prior convictions could not be used to enhance a sentence imposed on any future conviction in any court. Plaintiff complains that the prior convictions were used to enhance the sentence imposed on him for a conviction in Monterey County Superior Court. Plaintiff challenges the actions of the prosecutors, the state trial judge, the federal district judge who considered his habeas petition in the United States District Court for the Northern District, a federal circuit judge who entered an order concerning a petition filed by plaintiff in the Ninth Circuit, and the Ninth Circuit Clerk of the Court.

Plaintiff alleges that he is falsely imprisoned and seeks the following relief:

> Plaintiff is requesting immediate issue injunctive and declaratory relief, involving the specific enforcement of the State of Arizona plea-agreements court "Order" dismissing the allegations of prior conviction, and given full effect to federal precedent, an [sic] all action deemed necessary under the authority of this civil court.

(Compl. at third page.)

Plaintiff's pleading contains no allegations against defendants Schwarzenegger, Lockyer, and Woodford. In the absence of any factual allegations demonstrating these three supervisorial defendants were involved in the alleged violations of plaintiff's rights, the undersigned finds that plaintiff's claims against the three defendants are factually and legally frivolous. It does not appear that plaintiff can cure the defects of his claims against defendants Schwarzenegger, Lockyer, and Woodford, and these defendants should therefore be dismissed.

All remaining defendants reside in counties located in the Northern District of California, and plaintiff's claims arose in the Northern District. However, the undersigned will not transfer this civil rights action to the Northern District because the claims alleged by plaintiff are not cognizable as civil rights claims. Plaintiff seeks declaratory and injunctive relief that would result in a determination that he is entitled to an earlier release from prison. When a state prisoner seeks a determination of his entitlement to an earlier or immediate release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Such relief may not be granted in a civil rights action.

Because plaintiff is seeking habeas corpus relief in a civil rights action, this action should be dismissed. The undersigned will recommend that the action be dismissed without prejudice to plaintiff's pursuit of any available relief that remains in the state courts, the United States District Court for the Northern District of California, the Ninth Circuit Court of Appeals, or the United States Supreme Court. In light of this recommendation, plaintiff's application to proceed in forma pauperis should be denied because this civil rights action fails to state any cognizable civil rights claim. See 28 U.S.C. § 1915(e)(2).

1   The court's records reveal that plaintiff filed a second civil rights action in this
2   court less than two months after commencing this action.  See Curtis Scott v. Jeremy Fogel, case
3   No. CIV S-05-1507 GEB DAD P.  The sole defendant in the case was District Judge Jeremy
4   Fogel.  Plaintiff alleged that Judge Fogel abused his powers in denying plaintiff's petition for
5   writ of habeas corpus challenging his state court sentence.  Plaintiff sought declaratory and
6   injunctive relief.  The undersigned found that the proper venue for the action was in the United
7   States District Court for the Northern District of California.  The undersigned declined to transfer
8   the case to the Northern District because plaintiff's claims were legally frivolous.  Case No. CIV
9   S-05-1507 GEB DAD P was dismissed on November 22, 2005, and is currently on appeal.

   In accordance with the above, IT IS HEREBY RECOMMENDED that:

   1. Plaintiff's June 13, 2005 application to proceed in forma pauperis be denied; and

   2. This civil rights action be dismissed without prejudice for failure to state a cognizable claim.

   These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 12, 2006.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
scot1173.56